# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

TIZAZU AREGA,

    Petitioner,

                                      Case No. 2:18-cv-562
                                      Judge Michael H. Watson
    v.                                  Magistrate Judge Elizabeth P. Deavers

IMMIGRATION JUDGE D.
WILLIAM EVANS, *et al.*,

    Respondents.


## ORDER AND INITIAL SCREEN REPORT AND RECOMMENDATION

Petitioner, Tizazu Arega, a state inmate who is proceeding without the assistance of counsel, brings this mandamus and prohibition action against Defendants-Respondents Immigration Judge D. Williams Evans, Cleveland Immigration Court, and DHS/ICE (collectively, "Respondents"). (ECF No. 1-4.) On August 22, 2018, Petitioner was granted leave to proceed *in forma pauperis* in this action. (ECF No. 10.) This matter is before the Court for the initial screen of the Petition under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of the Petition, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Having performed the initial screen of the Petition, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** this action.

**I.**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \* \* \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the

---

[1]Formerly 28 U.S.C. § 1915(d).

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

3

## II.

### A. Prior proceedings

Petitioner, an inmate at CCI, was a native and citizen of Ethiopia who later adjusted his status to that of a lawful permanent resident alien of the United States. (ECF No. 9;[1] ECF No. 1-5 at PAGEID # 30.) According to the Petition and exhibits, on April 12, 2012, Respondent Department of Homeland Security ("Respondent DHS") issued a notice to appear, charging Petitioner with removability under the Immigration and Nationality Act ("INA") § 237(a)(2)(A)(iii) for having been convicted of an aggravated felony as defined in the INA § 101(a)(43)(A) (murder, rape, or sexual abuse of a minor). (*Id*. at ¶ 7; ECF No. 1-5.)

On March 14, 2016, Respondent Immigration Judge D. William Evans ("Respondent Judge Evans") issued a decision in Petitioner's removal proceedings, *In The Matter Of: Tizazu Fekadu Arega*, File Number A055-037-019. (ECF No. 1-5 (excerpt from decision).) Respondent Judge Evans concluded that Petitioner's conviction for rape in violation of Ohio Rev. Code § 2907.02 and sexual battery in violation of Ohio Rev. Code § 2907.03 were not aggravated felonies under INA § 101(a)(43)(A). Respondent Judge Evans therefore concluded that Petitioner was not removable. (*Id*. at PAGEID # 32.) Respondent Judge Evans directed Respondent DHS to file additional charge(s) by April 2016, or Petitioner's case would be terminated. (*Id*.)

On March 21, 2016, Respondent DHS filed an additional charge, stating that Petitioner was subject to being taken into custody and deported or removed from the United States pursuant to INA § 237(a)(2)(A)(iii) because Petitioner was convicted of an aggravated felony as defined

---

[1] Petitioner has filed duplicates of his Petition with the Court. (*Compare* ECF No. 1-4, *with* ECF No. 2, *with* ECF No. 9.) For ease of reference, the Undersigned will refer to the later-filed Petition, ECF No. 9.

in INA § 101(a)(43)(F), a crime of violence "for which the term of imprisonment is at least one year." (ECF No. 1-6 at PAGEID # 34 (copy of "Additional Charges of Inadmissibility / Deportability"); ECF No. 9 at ¶ 8.) Thereafter, Respondent Judge Evans issued a decision finding that Petitioner's rape conviction under O.R.C. § 2907(A)(2) constituted a conviction for an aggravated felony as defined in INA § 237(a)(2)(A)(iii) and that Petitioner was therefore removable under that statute ("second decision"). (ECF No. 1-6 at PAGEID # 35 (one-page excerpt of decision); ECF No. 9 at ¶ 9.)

**B.     The present action**

Petitioner brings the present action pursuant to the All Writs Act, 28 U.S.C. § 1651. (*See generally* ECF No. 9.) Petitioner first contends that Respondent Judge Evans was, for a variety of reasons, without subject matter jurisdiction to hold a "master hearing for new deportation proceeding[,]" which resulted in the present request for issuance of a writ of prohibition. (*Id.* at ¶¶ 10–23.) Petitioner specifically asks this Court to issue a writ of prohibition preventing Respondents from enforcing Respondent Judge Evans's deportation order and to "vacate the conviction and sentence[.]" (*Id.* at ¶¶ 10, 14, 22–23, 31.) Petitioner next argues that Respondents violated his rights to due process and equal protection under the Fifth and Fourteenth Amendments to the United States Constitution "by instituting new deportation proceedings" against him, justifying the issuance of a writ of mandamus. (*Id.* at ¶¶ 24–30.) Petitioner specifically seeks a writ of mandamus compelling Respondent DHS/ICE to terminate the deportation proceedings and to restore his permanent residence status (*Id.* at ¶¶ 25–27, 30–31.)

**III.**

In the REAL ID Act of 2005, 28 U.S.C. § 1252, "Congress sought to channel judicial review of an alien's claims related to his or her final order of removal through a petition for review at the court of appeals." *Elgharib v. Napolitano*, 600 F.3d 597, 600 (6th Cir. 2010). 28 U.S.C. § 1252 provides in relevant part as follows:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with *an appropriate court of appeals* in accordance with this section *shall be the sole and exclusive means for judicial review of an order of removal* entered or issued under any provision of this chapter, except as provided in subsection (e). For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of Title 28, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

8 U.S.C. § 1252(a)(5) (emphasis added); *see also id.* at § 1252(b)(2) ("The petition for review [of an order of removal] *shall be filed with the court of appeals* for the judicial circuit in which the immigration judge completed the proceedings.") (emphasis added), § 1252(b)(9) (providing, *inter alia*, that except as otherwise provided in this section, "no court shall have jurisdiction, by . . . section 1361 or 1651 or such title . . . to review such an order or such questions of law or fact"), § 1252(g) (stating that, except as otherwise provided in this section and "[n]otwithstanding any other provision of law (statutory or nonstatutory)," "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter"); *Elgharib*, 600 F.3d at 606–07 (holding that Section 1252(g)'s reference to "Attorney General" now refers to the Secretary of Homeland Security).

In the present case, 8 U.S.C. § 1252 deprives this Court of jurisdiction because, as detailed above, Petitioner seeks review of a final order of deportation. *Id.*; *see also Elgharib*, 600 F.3d at 605 ("Congress acted within its constitutional powers to limit judicial review of constitutional questions under § 1252, and we conclude that § 1252(a)(5) & (g) both preclude district-court jurisdiction over constitutional challenges to final orders of removal."); *Maxwell v. Bd. of Immigration Appeals*, No. 4:06-cv-353, 2006 WL 2987718, at *2 (N.D. Ohio Oct. 17, 2006) ("As a result, § 1252 now precludes all review, including habeas, in district courts."). As set forth above, the proper venue for review of a final order of deportation is the "[c]ourt of appeals for the judicial circuit in which the immigration judge completed the proceedings," 12 U.S.C. § 1252(b)(2), namely here, the United States Court of Appeals for the Sixth Circuit. *See Elgharib*, 600 F.3d at 600; *see also* ECF No. 9 (complaining of a deportation order issued by Respondent Judge Evans in the Cleveland Immigration Court); N.D. Ohio Civ. R. 3.8(a) (identifying Cleveland, Ohio as falling in the Northern District of Ohio, Eastern Division). Moreover, Petitioner essentially concedes that he has not utilized the available appeal procedure and exhausted his administrative remedies. (ECF No. 9 at 14 (contending that "the availability of alternate remedies, such as an appeal, are immaterial")); *see In re Int'l Union of Operating Eng'rs, Local 18*, No. 84-3953, 1985 WL 12892, at *1 (6th Cir. 1985) ("A petition for a writ of mandamus or prohibition cannot be used as a substitute for an appeal."); *In re Buckey*, 395 F.2d 385, 387 (6th Cir. 1968) ("It is well settled that these extraordinary writs [writs of prohibition and writs of mandamus] cannot be used as a substitute for appeal."). For all these reasons, this Court lacks jurisdiction to consider the Petition.

In addition, while Petitioner captions his Petition as "an original jurisdiction action" under the All Writs Act, 28, U.S.C. § 1651 (ECF No. 9 at caption), he may not obtain review

because Sections 1252(a)(5) and (g) "specifically prohibit" his claims that directly attack his order of removal. *Elgharib*, 600 F.3d at 605; *cf. Muka v. Baker*, 559 F.3d 480, 483–86 (6th Cir. 2009) (upholding decision excluding habeas review from the district court's jurisdiction under § 1252(a)(5) & (g) against a claim that this violated the Suspension Clause "[b]ecause there is a remedy available, a petition for review filed with the court of appeals," and § 1252(b)(9) explicitly states that habeas review is unavailable). As previously noted, the Petition specifically asks this Court to issue a writ of prohibition preventing Respondents from enforcing Respondent Judge Evans's deportation order and to "vacate the conviction and sentence" (ECF No. 9 at ¶¶ 22–23, 31) and to issue a writ of mandamus compelling Respondent DHS/ICE to terminate the deportation proceedings and to restore his permanent residence status (*id*. at ¶¶ 25–27, 30–31). The Sixth Circuit has previously held that "[t]he REAL ID Act renders petitions for review the exclusive means for judicial review for all orders of removal, except for limited habeas review of expedited removal orders." *Almuhtaseb v. Gonzales*, 453 F.3d 743, 747 (6th Cir. 2006). Accordingly, "[b]oth § 1252(a)(5) and § 1252(g) deprive the district court of subject-matter jurisdiction over [Petitioner's] constitutional challenge to her final order of removal." *Elgharib*, 600 F.3d at 606.

Finally, "federal courts must have an independent basis for subject matter jurisdiction in order to issue a writ in aid of such jurisdiction [under the All Writs Act]." *Tropf v. Fidelity Nat. Title Ins. Co.*, 289 F.3d 929, 943 (6th Cir. 2002); *see also Yisra'EL v. U.S. Dep't of Justice*, No. 5:11-00289, 2011 WL 4458772, at *3 (E.D. Ky. Sept. 23, 2011) ("[T]he All Writs Act is not an independent grant of jurisdiction to a court, but permits the issuance of writs in aid of the jurisdiction which a court independently possesses."). Here, Petitioner seeks review of a final order of removal. Section 1252 specifically provides that the court of appeals in the judicial

8

circuit in which the immigration judge completed the proceedings is the appropriate venue for considering review of a removal order. The extraordinary relief that Petitioner seeks is therefore unavailable under § 1651 because § 1252 specifically governs petitions for review of orders of removal. *See Tropf*, 289 F.3d at 943; *Yisra'EL*, 2011 WL 4458772, at *3.

## IV.

For the reasons explained above, the Court lacks jurisdiction to consider the Petition. It is therefore **RECOMMENDED** that Petitioner's claims be **DISMISSED** in their entirety. It is **FURTHER RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Petitioner leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Petitioner's motions to compel the Clerk to send copies of summons forms and Marshal service forms (ECF Nos. 6, 8) and his motion to compel this Court to conduct an initial screen (ECF No. 12) are **DENIED AS MOOT**.

The Clerk is **DIRECTED** to forward a copy of the Petition (ECF No. 9) and this Order and Initial Screen Report and Recommendation to the Defendants at the addresses listed on the Petition.

## **PROCEDURE ON OBJECTIONS**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED.**

Date: October 11, 2018                              /s/ *Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE