UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TIZAZU AREGA,

    Petitioner,

v.

IMMIGRATION JUDGE
D. WILLIAM EVANS, et al.,

    Respondents.

CASE NO. 2:18-CV-562
Judge Michael H. Watson
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

Petitioner, a citizen of Ethiopia who later adjusted his status to that of a lawful permanent resident of the United States, filed this action under the All Writs Act, 28 U.S.C. § 1651. ECF Nos. 1–4, 9. Petitioner asks this Court to issue a writ of prohibition and mandamus that would prevent Respondents from enforcing a deportation order, terminate deportation proceedings, and restore Petitioner's status as a permanent resident. *See id.* Petitioner also sought and received leave to proceed with this action *in forma pauperis*. ECF Nos. 1, 4, 10.

Magistrate Judge Deavers conducted an initial screen pursuant to 28 U.S.C. § 1915 and § 1915A and issued a Report and Recommendation ("R&R") recommending that this action be dismissed because the Court lacks subject-matter jurisdiction over Petitioner's claims. ECF No. 13. Magistrate Judge

Deavers concluded that the REAL ID Act of 2005, 8 U.S.C. § 1252 deprives district courts of subject-matter jurisdiction to review orders of removal.[1] *Id.*

The R&R was issued pursuant to Federal Rule of Civil Procedure 72(b)(2), which provides that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

Petitioner has filed timely objections. ECF No. 14. Petitioner first objects that he is not asking this Court to review a deportation order but is instead challenging Respondent Immigration Judge D. William Evans' ("IJ's") ability to issue a second removability determination after an additional charge was brought against him in the removability proceedings.

As described in the R&R, Respondent Department of Homeland Security ("DHS") initially charged Petitioner in File Number A055-037-019 with removability under the Immigration and Nationality Act ("INA") § 237(a)(2)(A)(iii)

---

[1] The Court notes that although Petitioner's *pro se* filings refer to deportation orders and proceedings, e.g., ECF No. 1-4, at PAGEID # 12, the exhibits submitted by Petitioner refer to removability orders and proceedings, e.g., ECF No. 1-5, at PAGEID # 30.

for having been convicted of an aggravated felony as defined in INA § 101(a)(43)(A) (i.e., murder, rape, or sexual abuse of a minor). ECF No. 1-5, at PAGEID # 30. On March 14, 2016, the IJ issued a memorandum and order concluding that Petitioner's conviction for rape under Ohio Revised Code § 2907.02(A)(2)[2] did not constitute an aggravated felony under INA § 101(a)(43)(A) and, thus, that Petitioner was not removable. *Id.*, at PAGEID ## 30–33. In that same order, the IJ also directed DHS to file any additional charges by April 1, 2016, or the case would be terminated. *Id.*, at PAGE ID ## 32–33. On March 21, 2016, DHS brought an additional charge in the same File Number and asserted that Petitioner had been convicted of an aggravated felony under INA § 101(a)(43)(F) (i.e., a crime of violence (as defined in section 16 of title 18, but not including a purely political offense)[3] for which the term of imprisonment is at least one year). ECF No. 1–6, at PAGEID # 34. In a second removability determination, the IJ concluded that Petitioner's conviction for rape

---

[2] Section 2907.02(A)(2) provides that "[n]o person shall engage in sexual conduct with another when the offender purposely compels the person to submit by force or threat of force." Sexual conduct is elsewhere defined to include "vaginal intercourse between a male and a female." Ohio Rev. Code Ann. § 2907.01(A). In addition, under Ohio law, "penetration, however slight, is sufficient to complete vaginal . . . intercourse." *Id.*
[3] Title 18 U.S.C. § 16(a) defines a crime of violence as "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or the property of another." As previously noted, *supra* note 2, O.R.C. § 2907.02(A)(2) includes the element of force or threat of force.

constituted an aggravated felony as defined in INA § 101(a)(43)(F) and that Petitioner was therefore removable. *Id.* at PAGEID # 35.

Petitioner contends that DHS did not have the authority to bring the additional charge and that the IJ lacked authority to issue a second removability determination based on the additional charge. ECF No. 14, at PAGEID # 163. As a preliminary matter, however, 8 C.F.R. § 1003.30 provides that "[a]t any time during deportation or removal proceedings, additional or substituted charges of deportability and/or factual allegations may be lodged by the Service in writing." The exhibits that Petitioner has submitted clearly demonstrate that the additional charge was brought during the same proceedings—File Number A055-037-019. ECF Nos. 1–6, at PAGEID ## 34–35. Charges are explicitly permitted by regulation to be added or substituted in this manner.

Moreover, the Court is not convinced that this constitutes a claim over which this Court can exercise subject-matter jurisdiction. As Magistrate Judge Deavers explained, Congress has divested district courts of subject-matter jurisdiction to review orders of removal. ECF No. 13. Instead, the United States Courts of Appeals have exclusive jurisdiction to review orders of removal:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act . . . .

8 U.S.C. § 1252(a)(5). In addition, another section of the REALID Act contains an even broader jurisdictional limitation:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of Title 28 or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

8 U.S.C. § 1252(b)(9). "By its terms, [this] provision aims to consolidate '*all* questions of law and fact' that 'arise from' either an 'action' or a 'proceeding' brought in connection with the removal of an alien." *Hamdi ex rel. Hamdi v. Napolitano*, 620 F.3d 615, 626 (6th Cir. 2010) (citing *Aguilar v. U.S. Immigration & Customs Enf't Div. of the Dep't of Homeland Sec.*, 510 F.3d 1, 9 (1st Cir. 2007)). Thus, "§ 1252(b)(9) 'is a judicial channeling provision,'" which funnels all questions of law and fact arising from removal proceedings into the appropriate Court of Appeals, while § 1252(g) is "a claim-barring one." *Id.* (quoting *Aguilar*, 510 F.3d at 11).

In this case, the question of whether DHS had the power to bring an additional charge constitutes a question of law or fact that arises from Petitioner's removal proceedings. As a result, and as Magistrate Judge Deavers explained, this Court does not possess subject matter jurisdiction to hear it. Petitioner's only recourse is to exhaust his administrative remedies, 8 U.S.C. § 1252(d)(1), and

then file a petition for review in the appropriate Court of Appeals. 8 U.S.C. § 1252(a)(5). Petitioner's first objection is thus without merit.

Petitioner also objects that the R&R's conclusion that the REAL ID Act deprives this Court of subject-matter jurisdiction is contrary to this Court's decision in *Anjum v. Hansen*, 2:06-cv-00319, 2007 WL 983215 (S.D. Ohio, March 28, 2007). ECF No. 14, at PAGEID # 164. This objection is also without merit. In *Anjum*, this Court allowed a mandamus action brought by a lawful permanent resident to withstand a motion to dismiss where the defendant United States Citizen and Immigration Service had failed to provide the resident with a naturalization interview despite being statutorily required to do so within ninety days of his having submitted an I-75 form. 2007 WL 983215, at *1, 3–4. *Anjum* thus involved a plaintiff who sought an order requiring the defendants to timely process his application to adjust his status from that of a lawful permanent resident to that of a naturalized citizen. *Id.* Unlike this case, *Anjum* did not involve removability proceedings or removability orders and, thus, the REAL ID Act of 2005 was not implicated. *Anjum* is thus factually and legally distinguishable from this matter.

Accordingly, for the reasons discussed herein, the Court **OVERRULES** Petitioner's objections. The R&R is **ADOPTED** and **AFFIRMED**, and the case is **DISMISSED**. The clerk is directed to issue a final judgment and terminate the case. The Court further **CERTIFIES** that pursuant to Federal Rule of Appellate

Procedure 24(a)(3)(A), Petitioner does not have a good faith basis for appealing this Court's determination that the REAL ID Act of 2005 deprives it of jurisdiction over Petitioner's claims and that any appeal would not be taken in good faith.

**IT IS SO ORDERED.**

_____
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**